UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

REGINALD TRAMMELL,

                Plaintiff,                Case # 16-CV-6291-FPG

v.                                          DECISION AND ORDER

SUPERINTENDENT GRIFFIN, et al.,

                Defendants.
_____

*Pro se* Plaintiff Reginald Trammell, an inmate currently confined at the Clinton Correctional Facility, filed this civil rights action under 42 U.S.C. § 1983. ECF No. 1. The Court previously granted Plaintiff permission to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a)-(b). ECF No. 4. Defendants now move to revoke Plaintiff's IFP status pursuant to 28 U.S.C. § 1915(g) and conditionally dismiss his Complaint because Plaintiff has accrued at least three "strikes." ECF No. 9. Plaintiff argues that Defendants' motion is untimely and does not identify at least three prior strikes, and that the three-strikes provision of the Prison Litigation Reform Act ("PLRA") does not apply to actions filed before it was enacted. ECF No. 12.

For the reasons that follow, Defendants' Motion to Revoke Plaintiff's IFP Status (ECF No. 9) is GRANTED. Plaintiff must pay the $400.00 filing and administrative fees by April 12, 2019, or this action will be dismissed without prejudice pursuant to § 1915(g) without further order.

**DISCUSSION**

I.  **IFP Status and the Three-Strikes Rule**

When an individual commences a civil action in a federal district court, he ordinarily must pay the $350.00 statutory filing fee and $50.00 administrative fee.[1] 28 U.S.C. § 1915(a). Pursuant to 29 U.S.C. § 1915(g), a prisoner who has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim" may not proceed as a poor person "unless [he] is under imminent danger of serious physical injury." In other words, when a prisoner has garnered three strikes, a court must deny his IFP motion unless the prisoner asserts that he was in imminent danger of serious physical injury when he filed the complaint. *See Malik v. McGinnis,* 293 F.3d 559, 563 (2d Cir. 2002).

Contrary to Plaintiff's contention that Defendants' motion to revoke is untimely, "[w]hen a Court learns of a plaintiff's prior disqualifying suits (i.e., 'strikes'), it may revoke IFP status and dismiss the complaint." *Southerland v. Patterson*, No. 10 CV 09155 BSJ RLE, 2012 WL 208105, at *1 (S.D.N.Y. Jan. 23, 2012) (citing *Harris v. City of New York*, 607 F.3d 18, 23 (2d Cir. 2010) (holding that "district courts may [also] apply the three strikes rule *sua sponte*.")); *see also Nealy v. Kamas*, No. 12-CV-6201-CJS, 2013 WL 140111, at *2 (W.D.N.Y. Jan. 10, 2013) (noting that a court may revoke IFP status "if it later becomes aware of a basis for denying that status pursuant to § 1915(g)"). Additionally, "it is well settled in this Circuit that pre-PLRA 'strikes' may also be

---

[1] Effective May 1, 2013, the Judicial Conference of the United States added an administrative fee of $50.00 to the cost of filing a civil lawsuit in district court. *See* September 2012 Report of the Proceedings of the Judicial Conference of the United States, *available at* http://www.uscourts.gov/about-federal-courts/reports-proceedings-judicial-conference-us. This additional administrative fee does not apply to prisoners who are granted *in forma pauperis* status. *See generally id*.

2

counted by the Court." *Zaire v. Goord*, No. 9:05-CV-1247, 2007 WL 160720, at *2 (N.D.N.Y. Jan. 16, 2007) (citing *McFadden v. Parpan*, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998)).

Here, the Court finds that Plaintiff has at least three strikes for purposes of § 1915(g). Plaintiff accrued strikes in: (1) *Trammell v. Lanfear*, Case No. 94-CV-666 (N.D.N.Y. Apr. 26, 1995) (adopting report and recommendation to dismiss the complaint as frivolous); (2) *Trammell v. Lanfear*, 101 F.3d 683 (2d Cir. 1996) (affirming the lower court's dismissal of the complaint as frivolous); (3) *Trammell v. Biase*, Case No. 6:94-CV-0624-CGC-RWS (N.D.N.Y Nov. 21, 1995) (adopting report and recommendation to dismiss the complaint as frivolous); and (4) *Trammell v. Selsky*, Case No. 1:04-CV-0972-RJA (W.D.N.Y April 22, 2005) (dismissing complaint for failure to state a claim under 28 U.S.C. § 1915(e)).

Accordingly, Plaintiff can maintain his IFP status only if he was in imminent danger of serious physical injury when he filed this case. *See Malik*, 293 F.3d at 563.

## II. <u>Imminent Danger Exception</u>

The Court finds that Plaintiff's claims do not support a finding that he was in imminent danger of serious physical injury when he filed this case. Plaintiff alleges that he was subjected to excessive force and due process violations while he was confined at the Southport and Sing Sing Correctional Facilities. But Plaintiff was transferred to the Elmira Correctional Facility before he filed this case and therefore he could not have been in imminent danger of serious injury. *See Palmer v. N.Y. State Dep't of Corr.*, 342 F. App'x 654, 656 (2d Cir. 2009) (summary order) (prisoner did not satisfy imminent danger exception because "[b]y the time he filed the complaint, [he] had been transferred to" another facility "and was thus removed from the alleged danger").

Accordingly, the Court must revoke Plaintiff's IFP status pursuant to 28 U.S.C. § 1915(g). Plaintiff must pay the filing and administrative fees if he wishes to continue this action.

**CONCLUSION**

Defendants' Motion to Revoke Plaintiff's IFP Status (ECF No. 9) is GRANTED. Plaintiff has until April 8, 2019 to pay the $400.00 in filing fees. If Plaintiff does not timely pay the filing fees, his Complaint will be dismissed without prejudice and the Clerk of Court will terminate this action without further order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Plaintiff should direct requests to proceed on appeal as a poor person to the United States Court of Appeals for the Second Circuit on motion in accordance with Federal Rule of Appellate Procedure 24.

IT IS SO ORDERED.

Dated: March 8, 2019
      Rochester, New York

                              HON. FRANK P. GERACI, JR.
                              Chief Judge
                              United States District Court